UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Aaron Michael Hocking,                                       Case No. 0:17-cv-2864-KMM

    Plaintiff,

v.

                                                            **ORDER**

Nancy A. Berryhill, Acting Commissioner
of Social Security,

    Defendant.

---

David F. Chermol, Chermol & Fishman LLC and Edward C. Olson, counsel for the plaintiff

Bahram Samie, Assistant United States Attorney, and Michael Moss, Special Assistant United States Attorney, counsel for the defendant

---

      On March 22, 2018, the Court entered an order granting the Commissioner's unopposed motion to remand, remanding the case to the Commissioner of Social Security for further proceedings. (ECF No. 28.) The Clerk entered judgment, and now Mr. Hocking has filed an Application for Attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 30.) In his application, Mr. Hocking asserts that he is entitled recover his attorney's reasonable fees because he is a prevailing party under the EAJA, and because the position of the Social Security Administration was not substantially justified. (*Id.* at ¶¶ 1, 3–5.) He seeks an award of $6,080.00 in attorney's fees and $100.00 in costs. (*Id.* at p.6.) The Commissioner asserts no objection to the application for fees, and likewise does not object to the amount requested. (ECF No. 35.)

      In relevant part, the EAJA provides that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a),

incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1). An application for fees and costs under the EAJA must show that the party is a prevailing party whose net worth was less than two million dollars when the civil action was filed and include: (1) a statement of the amount sought; (2) an itemized statement of the time spent by the attorney on the case; (3) a statement of the rate at which fees and other expenses have been computed; and (4) an allegation that the Commissioner's position is not substantially justified. 28 U.S.C. § 2412(d)(1)(B). Only "reasonable fees and expenses" may be awarded to a prevailing party. 28 U.S.C. § 2412(b). The ultimate amount of an award is within the district court's discretion. *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

The Commissioner has not opposed Mr. Hocking's request. Therefore, there is no dispute that Mr. Hocking is the prevailing party and has established the other criteria, justifying an award of fees under 28 U.S.C. § 2412(d)(1)(B). The ultimate burden is on the Commissioner to demonstrate that an award of fees is inappropriate not withstanding the plaintiff's eligibility. *E.g.*, *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003). However, as noted above, the Commissioner does not oppose this Motion.

Furthermore, the Court has reviewed the entire file, including the declaration of Mr. Hocking's counsel and the attached itemization of hours spent on Mr. Hocking's case. The Court concludes that the $6,080.00 in EAJA fees plus $100.00 in costs represents a reasonable attorney's fee in this case. The Court also concludes that Mr. Hocking's counsel has properly calculated a reimbursement rate for the adjusted cost of living, based on the Bureau of Labor Statistics Consumer Price Index. (*See* ECF No. 30 ¶ 6.) The Court will therefore grant Mr. Hocking's application for attorney's fees in the amount of $6,080.00 plus $100.00 in costs.

The Commissioner does not oppose this Motion, but does respond that "the EAJA fee is payable to Plaintiff as the litigant and may be subject to offset to satisfy any pre-existing debt the litigant owes to the United States." (ECF No. 35.) Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), the award of fees belongs to Mr. Hocking, and is subject to a federal administrative offset if Mr. Hocking has outstanding debts to the federal government. *Id.* at 593. Courts in this district provide the Commissioner sixty days to determine if any portion of the fee award is subject to such an offset.

*E.g. Massie v. Colvin*, No. 14-cv-2888-SRN-FLN, 2016 WL 2853511, at *2 (D. Minn. May 16, 2016); *Dornbusch v. Astrue*, No. 09-cv-1734-PJS-JJG, 2011 WL 779781, at *1 (D. Minn. Mar. 1, 2011). Accordingly, the Court will require the Commissioner to pay the fees awarded to Mr. Hocking within sixty days of the date of this order.

Based on the foregoing, **IT IS HEREBY ORDERED THAT**:

1. Mr. Hocking's Motion for Attorney's Fees under the Equal Access to Justice Act (ECF 30) is **GRANTED**;

2. Mr. Hocking is awarded $6,080.00 in reasonable attorney's fees and $100.00 in costs, subject to offset by any preexisting debt that Mr. Hocking owes to the United States; and

3. The Commissioner shall pay the above-awarded fees, minus any applicable offset, to Mr. Hocking by August 6, 2018.

Date: June 7, 2018

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge
